Franzo v Town of Hempstead (2021 NY Slip Op 02787)





Franzo v Town of Hempstead


2021 NY Slip Op 02787


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2020-00641
 (Index No. 612856/18)

[*1]Judith Franzo, appellant, 
v
Town of Hempstead, defendant, Knights of Columbus, et al., respondents.


Cellino & Barnes, P.C., Melville, NY (Joshua B. Sandberg of counsel), for appellant.
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale, NY (Gary E. Dvoskin of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered January 2, 2020. The order granted the motion of the defendants Knights of Columbus and Kenmah Realty Corp. for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Knights of Columbus and Kenmah Realty Corp. for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff allegedly was injured when she tripped and fell over a cord or microphone wire while attending an event at certain property purportedly owned by the defendants Knights of Columbus and Kenmah Realty Corp. (hereinafter together the defendants). She commenced this action against the defendants and one other defendant to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the defendants' motion on the ground that the condition of the wire or cord was open and obvious and not inherently dangerous. The plaintiff appeals.
In support of their motion, the defendants failed to establish, prima facie, that the cord or wire was not inherently dangerous (see Crosby v Southport, LLC, 169 AD3d 637, 640; Klee v Cablevision Sys. Corp., 77 AD3d 794, 795; Cupo v Karfunkel, 1 AD3d 48, 52). In light of the defendants' failure to meet their prima facie burden, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court