Luttenberger v McManus-Lorey Funeral Home, Ltd. (2021 NY Slip Op 06682)





Luttenberger v McManus-Lorey Funeral Home, Ltd.


2021 NY Slip Op 06682


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-03712
 (Index No. 600590/17)

[*1]Patricia Luttenberger, appellant, 
v
McManus-Lorey Funeral Home, Ltd., et al., respondents.


Stanton Guzman and Miller, Franklin Square, NY (Stacey R. Guzman of counsel), for appellant.
Buratti, Rothenberg & Burns, East Meadow, NY (Alan M. Shushan of counsel), for respondent McManus-Lorey Funeral Home, Ltd.
Martyn & Martyn, Mineola, NY (Jeffrey P. Yong of counsel), for respondent New York Atlantic Funeral Services Corp.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered January 28, 2019. The order, insofar as appealed from, granted the motion of the defendant New York Atlantic Funeral Services Corp. for summary judgment dismissing the complaint insofar as asserted against it, and the cross motion of the defendant McManus-Lorey Funeral Home, Ltd., for the same relief as to it.
ORDERED that the order is affirmed, with one bill of costs.
On March 24, 2014, the plaintiff, while in the process of delivering a large oval-shaped floral arrangement, known as a spray, to the premises owned by the defendant McManus-Lorey Funeral Home, Ltd. (hereinafter McManus-Lorey), allegedly tripped and fell as she stepped over the threshold of the side entrance. The plaintiff commenced this action against McManus-Lorey and the defendant New York Atlantic Funeral Services Corp. (hereinafter New York Atlantic), which provided cremation services and rented office space at the premises, to recover damages for personal injuries she allegedly sustained. New York Atlantic moved for summary judgment dismissing the complaint insofar as asserted against it, and McManus-Lorey cross-moved for the same relief as to it. In an order entered January 28, 2019, the Supreme Court granted the motion and the cross motion. The plaintiff appeals.
"An owner of land has a duty to maintain his [or her] property in a reasonably safe condition" (Locke v Calamit, 175 AD3d 560, 561; see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872). "However, there is no duty to protect or warn of conditions that are not inherently dangerous and that are readily observable by the reasonable use of one's senses" (Costidis v City of New York, 159 AD3d 871, 871; see Locke v Calamit, 175 AD3d at 561; Graffino v City of New York, 162 AD3d 990, 991). Here, the defendants established, prima facie, through the plaintiff's deposition testimony, that the condition of the door saddle that allegedly caused the plaintiff to fall was open [*2]and obvious, readily observable by those employing the reasonable use of their senses, and not an inherently dangerous condition (see Locke v Calamit, 175 AD3d at 561; Coppola v Cure of Ars R.C. Church, 119 AD3d 726). The plaintiff testified that before the accident, she had entered the subject entrance by walking over the door saddle without incident when she delivered a large heart-shaped flower arrangement; that her view was unobstructed when she approached the entrance to re-enter the premises with the spray and an easel upon which the spray would be mounted; and that she had no issue with stepping over the saddle with her left foot, but that her right foot clipped the saddle as she was attempting to place the easel on the floor within the premises as she entered. Thus, the plaintiff's own testimony established that she was aware of the existence of the door saddle in the entranceway before she fell (see Spina v Brookwood Ronkonkoma, LLC, 185 AD3d 621; Masker v Smith, 188 AD3d 867, 868). In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court properly granted New York Atlantic's motion for summary judgment dismissing the complaint insofar as asserted against it and McManus-Lorey's cross motion for the same relief as to it.
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court