Williams v E & R Jamaica Food Corp. (2022 NY Slip Op 01065)





Williams v E & R Jamaica Food Corp.


2022 NY Slip Op 01065


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2020-01683
 (Index No. 13164/16)

[*1]Keithan Williams, respondent, 
v
E & R Jamaica Food Corp., et al., appellants, et al., defendant.


Chartwell Law, New York, NY (Andrew J. Furman of counsel), for appellants.
Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants E & R Jamaica Food Corp. and Rosalba Cadena appeal from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered December 5, 2019. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants E & R Jamaica Food Corp. and Rosalba Cadena for summary judgment dismissing the complaint insofar as asserted against them is granted.
In July 2016, the plaintiff allegedly was injured when he tripped and fell on a rolled- up mat in a supermarket. The plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant Rosalba Cadena, the owner of the premises, and the defendant E & R Jamaica Food Corp., the tenant operating the supermarket (hereinafter together the defendants). Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered December 5, 2019, the Supreme Court denied the defendants' motion. The defendants appeal.
While a possessor of real property has a duty to maintain that property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241), "there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous" (Robbins v 237 Ave. X, LLC, 177 AD3d 799, 799; see Ramirez v Creative Linen House, Inc., 170 AD3d 913). "A condition is open and obvious if it is 'readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident'" (Robbins v 237 Ave. X, LLC, 177 AD3d at 799, quoting Lazic v Trump Vil. Section 3, Inc., 134 AD3d 776, 777).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the rolled-up mat, which was known to the plaintiff prior to the accident, was open and obvious, and was not inherently dangerous (see Sneed v Fulton Park Four Assoc., L.P., 192 AD3d 1058; Ramirez v Creative Linen House, Inc., 170 AD3d 913; Nannariello v Kohl's Dept. Stores, Inc., 161 AD3d 1089; DeLorenzo v Bales, 129 AD3d 1013, 1014; Boyle v Pottery Barn Outlet, 117 AD3d 665). In opposition, the plaintiff failed to raise a [*2]triable issue of fact.
In light of our determination, we need not consider the defendants' remaining contentions.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court