Flores v Harvest Moon Farm & Orchard (2022 NY Slip Op 03498)





Flores v Harvest Moon Farm & Orchard


2022 NY Slip Op 03498


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2020-07029
 (Index No. 68122/18)

[*1]Carmen Castro Flores, et al., appellants,
v
Harvest Moon Farm & Orchard, respondent.


Martino & Weiss, Rye Brook, NY (Douglas J. Martino of counsel), for appellants.
Erlich & Gayner, LLP, New York, NY (Charles J. Gayner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated August 26, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Carmen Castro Flores (hereinafter the injured plaintiff) allegedly was injured when she slipped and fell on hay, straw, or dried, cut grass, while walking on the grass in an apple orchard owned by the defendant. The injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. After discovery, the defendant moved for summary judgment dismissing the complaint. In the order appealed from, dated August 26, 2020, the Supreme Court granted the defendant's motion, and the plaintiffs appeal.
An owner of land has a duty to maintain his or her property in a reasonably safe condition (see Locke v Calamit, 175 AD3d 560, 561). "However, there is no duty to protect or warn of conditions that are not inherently dangerous and that are readily observable by the reasonable use of one's senses" (Luttenberger v McManus-Lorey Funeral Home, Ltd., 200 AD3d 671, 671 [internal quotation marks omitted]; Locke v Calamit, 175 AD3d at 561). Furthermore, a landowner "will not be held liable for injuries arising from a condition on the property that is inherent or incidental to the nature of the property, and that could be reasonably anticipated by those using it" (Torres v State of New York, 18 AD3d 739, 739; see Miano v Rite Aid Hdqtrs. Corp., 160 AD3d 713).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the condition of the grass was open and obvious and not inherently dangerous, as well as incidental to the nature of an apple orchard and reasonably to be anticipated by those using it (see Grosskopf v Beechwood Org., 166 AD3d 860; Ibragimov v Town of N. Hempstead, 164 AD3d 1426, 1427; Miano v Rite Aid Hdqtrs. Corp., 160 AD3d at 713-714; Zegarelli v Dundon, 102 AD3d 958). In opposition, the plaintiffs failed to raise a triable issue of fact.
Contrary to the plaintiffs' further contention, "[t]he fact that [the] defendant's [*2]supporting proof was placed before the court by way of an attorney's affirmation annexing deposition testimony and other proof, rather than affidavits of fact on personal knowledge, is not fatal to the motion" (Alvarez v Prospect Hosp., 68 NY2d 320, 325; see Olan v Farrell Lines, 64 NY2d 1092, 1093).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., BRATHWAITE NELSON, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court