DiScalo v Mannix Family Mkt. @ Forest & Richmond Ave, LLC (2022 NY Slip Op 03708)

DiScalo v Mannix Family Mkt. @ Forest & Richmond Ave, LLC

2022 NY Slip Op 03708

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-05959
 (Index No. 150645/19)

[*1]Elizabeth A. DiScalo, respondent, 
v
Mannix Family Market &commat; Forest and Richmond Ave, LLC, appellant.

Torino & Bernstein, P.C., Mineola, NY (Ellie S. Konstantatos of counsel), for appellant.
Chelli & Bush (Arnold E. DiJoseph, P.C., New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated August 3, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action to recover damages for personal injuries after she slipped and fell on a flattened cardboard box that was lying on the floor in an aisle of the defendant's grocery store. At her deposition, the plaintiff testified that she saw the cardboard box prior to the accident, as well as an employee of the defendant stocking shelves in the aisle close by. The plaintiff testified that, prior to her fall, it was her intention to step onto the cardboard in order to reach a product on a nearby shelf. Following discovery, the defendant moved for summary judgment dismissing the complaint on the ground that the condition on which the plaintiff slipped and fell was open and obvious, and not inherently dangerous. In an order dated August 3, 2020, the Supreme Court denied the defendant's motion. The defendant appeals.
While a possessor of real property has a duty to maintain that property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241), "there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous" (Robbins v 237 Ave. X, LLC, 177 AD3d 799, 799; see Williams v E & R Jamaica Food Corp., 202 AD3d 1028, 1029).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence demonstrating that the flattened cardboard box, which was readily observable to the plaintiff prior to her fall, was open and obvious, and not inherently dangerous (see Williams v E & R Jamaica Food Corp., 202 AD3d at 1029; Benjamin v Trade Fair Supermarket, Inc., 119 AD3d 880, 881; Boyle v Pottery Barn Outlet, 117 AD3d 665). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of [*2]fact.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court