Rider v Manhattan Monster, Inc. (2022 NY Slip Op 05048)

Rider v Manhattan Monster, Inc.

2022 NY Slip Op 05048

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2020-09123
 (Index No. 713399/16)

[*1]Kenneth Rider, respondent, 
v
Manhattan Monster, Inc., etc., appellant.

Farber Brocks & Zane, LLP, Garden City, NY (Lester Chanin of counsel), for appellant.
Peter M. Zirbes & Associates, P.C., Forest Hills, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered November 24, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On February 19, 2016, the plaintiff was a patron at a bar owned by the defendant when he allegedly tripped over the leg of a large decorative throne. The plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging that the defendant, among other things, negligently permitted a dangerous condition within the premises. After discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the defendant's motion, concluding that the plaintiff raised triable issues of fact, precluding an award of summary judgment. The defendant appeals.
"An owner of property or tenant in possession of real property has a duty to maintain the property in a reasonably safe condition" (Lorenzo v Garley, 190 AD3d 847, 848 [internal quotation marks omitted]; see Basso v Miller, 40 NY2d 233, 241; Costidis v City of New York, 159 AD3d 871). "'[A] defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it'" (Leem v 152-24 N., LLC, 201 AD3d 918, 919, quoting Ash v City of New York, 109 AD3d 854, 855; see Madden v 3240 Henry Hudson Parkway, LLC, 192 AD3d 1095, 1095-1096). "'[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury'" (Leem v 152-24 Northern, LLC, 201 AD3d at 919, quoting Trincere v County of Suffolk, 90 NY2d 976, 977).
Here, the defendant's submissions failed to eliminate triable issues of fact with [*2]respect to whether the defendant had actual or constructive notice of the alleged dangerous condition. The defendant provided, inter alia, a transcript of the plaintiff's deposition testimony, in which the plaintiff stated that he had complained to the manager before his accident that the throne was a "tripping hazard," and that he knew of at least one other person who had also tripped over the throne.
However, the defendant established, prima facie, that the large decorative throne that allegedly caused the plaintiff to fall was open and obvious and not inherently dangerous (see Williams v E & R Jamaica Food Corp., 202 AD3d 1028, 1029; Luttenberger v McManus-Lorey Funeral Home, Ltd., 200 AD3d 671, 671). "'[T]here is no duty to protect or warn of conditions that are not inherently dangerous and that are readily observable by the reasonable use of one's senses'" (Luttenberger v McManus-Lorey Funeral Home, Ltd., 200 AD3d at 671, quoting Costidis v City of New York, 159 AD3d 871, 871; see Capasso v Village of Goshen, 84 AD3d 998, 999; Cupo v Karfunkel, 1 AD3d 48, 51). "'A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident'" (Williams v E & R Jamaica Food Corp., 202 AD3d at 1029, quoting Robbins v 237 Ave. X, LLC, 177 AD3d 799, 799 [internal quotation marks omitted]). "'The determination of [w]hether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case'" (Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154, quoting Holmes v Macy's Retail Holdings, Inc., 184 AD3d 811, 811).
Here, the defendant established, prima facie, that the alleged defective condition was readily observable by those employing the reasonable use of their senses and was not inherently dangerous. The deposition testimony of a pianist who had performed at the bar for more than 20 years established that the throne was a novelty of the establishment, which drew in patrons. Further, the plaintiff's own testimony established that he was aware of the throne, as he frequented the establishment and purported to have previously complained to the manager about its location (see Luttenberger v McManus-Lorey Funeral Home, Ltd., 200 AD3d at 671; Brett v AJ 1086 Assoc., LLC, 189 AD3d at 1154). In opposition, the plaintiff failed to raise triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., ROMAN, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court