Comeau v Mount Sinai Hosp. of Queens (2023 NY Slip Op 04360)

Comeau v Mount Sinai Hosp. of Queens

2023 NY Slip Op 04360

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-06471
 (Index No. 702429/21)

[*1]Yanick Comeau, appellant,
v
Mount Sinai Hospital of Queens, respondent.

Levidow, Levidow & Oberman, P.C. (Diamond and Diamond, LLC, Brooklyn, NY [Stuard Diamond], of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone, Lena Holubnyczyj, and Nicholas Tam of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered August 10, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, a nurse's aide assigned to work at the defendant, Mount Sinai Hospital of Queens, allegedly fell while she was making a patient's bed when her foot became caught in a cord attached either to the patient's inflatable mattress or to an inflatable compression boot that the patient was wearing. The plaintiff commenced this action to recover damages for personal injuries. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. By order entered August 10, 2021, the Supreme Court granted the motion. The plaintiff appeals.
Contrary to the Supreme Court's conclusion, the plaintiff's mere inability to identify whether she fell over the cord attached to the mattress or the one attached to the boot did not equate to a failure to identify the cause of her fall without resort to speculation (see Burrus v Douglaston Realty Mgt. Corp., 175 AD3d 461, 462; Stancarone v Sullivan, 167 AD3d 676, 678). Thus, the defendant was not entitled to summary judgment dismissing the complaint on the ground that any finding that its negligence proximately caused the plaintiff's injuries would be based on speculation.
Nevertheless, under the particular circumstances of this case, the defendant demonstrated its prima facie entitlement to judgment as a matter of law on the alternative ground that the cords attached to the mattress and the boot were open and obvious and, as a matter of law, not inherently dangerous (see Williams v E & R Jamaica Food Corp., 202 AD3d 1028, 1029; Bartholomew v Sears Roebuck & Co., 159 AD3d 786, 786). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we affirm the order appealed from.
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court