Butler v NYU Winthrop Hosp. (2024 NY Slip Op 01289)

Butler v NYU Winthrop Hosp.

2024 NY Slip Op 01289

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-08587
 (Index No. 604866/19)

[*1]Terri Butler, appellant, 
v
NYU Winthrop Hospital, respondent.

Derell D. Wilson, Garden City, NY (Jay Breakstone of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Jeremy P. Chen of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered October 18, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when her foot became entangled in tubes or cords attached to medical equipment while visiting her son in the neurologic intensive care unit of the defendant hospital. She commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion, in effect, on the ground that the condition of the tubes or cords was open and obvious, and not inherently dangerous. The plaintiff appeals.
"While a possessor of real property has a duty to maintain that property in a reasonably safe condition, there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous" (Williams v E & R Jamaica Food Corp., 202 AD3d 1028, 1029 [citation and internal quotation marks omitted]; see Robbins v 237 Ave. X, LLC, 177 AD3d 799, 799). "A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (Williams v E & R Jamaica Food Corp., 202 AD3d at 1029 [internal quotation marks omitted]; see Robbins v 237 Ave. X, LLC, 177 AD3d at 799). Moreover, "[a] condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Shah v Mercy Med. Ctr., 71 AD3d 1120, 1120). The question of whether a condition is open and obvious is usually a question of fact properly resolved by a jury (see Robbins v 237 Ave. X, LLC, 177 AD3d at 800; Simon v Comsewogue Sch. Dist., 143 AD3d 695, 696).
Here, the defendant failed to establish, prima facie, that the alleged condition of the tubes or cords was open and obvious and not inherently dangerous under the circumstances surrounding the accident (see Evans v Fields, 217 AD3d 656, 657; Franzo v Town of Hempstead, [*2]194 AD3d 698, 698; Crosby v Southport, LLC, 169 AD3d 637, 640). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied its motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court