Torres v La Borinquena HDFC, Inc. (2024 NY Slip Op 04093)

Torres v La Borinquena HDFC, Inc.

2024 NY Slip Op 04093

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-05494
 (Index No. 514661/20)

[*1]Katherine Torres, appellant, 
v
La Borinquena HDFC, Inc., respondent.

Martin L. Ginsberg, P.C., Woodbury, NY (Susan R. Nudelman of counsel), for appellant.
Dorf & Nelson LLP, Rye, NY (Robert P. Pagano of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated June 13, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In August 2020, the plaintiff commenced this action against the defendant to recover damages for personal injuries she allegedly sustained in January 2020 when she tripped and fell on a broken bicycle chained to a bike rack on the sidewalk abutting the defendant's residential building. The defendant subsequently moved for summary judgment dismissing the complaint, contending that the condition complained of was open and obvious and not inherently dangerous. In an order dated June 13, 2022, the Supreme Court granted the defendant's motion. The plaintiff appeals.
A property owner has a duty to maintain his or her property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Williams v E & R Jamaica Food Corp., 202 AD3d 1028, 1029). However, there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous (see Cortes v King Kullen Grocery Co., Inc., 210 AD3d 949, 950; Rider v Manhattan Monster, Inc., 208 AD3d 807, 808). Therefore, a court is not precluded "from granting summary judgment to a landowner on the ground that the condition complained of by the plaintiff was both open and obvious and, as a matter of law, was not inherently dangerous" (Cupo v Karfunkel, 1 AD3d 48, 52 [emphasis omitted]; see Ferruzzi v Village of Saltaire, 219 AD3d 1310, 1311). "'A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident'" (Rider v Manhattan Monster, Inc., 208 AD3d at 808, quoting Williams v E & R Jamaica Food Corp., 202 AD3d at 1029 [internal quotation marks omitted]). "'The determination of [w]hether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case'" (Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154, quoting Holmes v Macy's Retail Holdings, Inc., 184 AD3d 811, 811; see Graffino v City of New York, 162 AD3d 990, 991).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by showing that the alleged hazardous condition was open and obvious and not inherently dangerous (see Cortes v King Kullen Grocery Co., Inc., 210 AD3d at 950; Jordan-Parker v City of Buffalo, 137 AD3d 1751, 1752; cf. Oruc v Zelik, 216 AD3d 804, 805). The evidence the defendant submitted in support of its motion established, inter alia, that the lighting condition was good at the time of the incident, that the plaintiff saw the bicycle in her peripheral vision as she approached it, and that there was space to walk to the left of it without incident. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the parties' remaining contentions.
LASALLE, P.J., CHAMBERS, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court