Barbu v Doyle (2026 NY Slip Op 00487)

Barbu v Doyle

2026 NY Slip Op 00487

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2023-01678
 (Index No. 605328/20)

[*1]Mark Barbu, et al., appellants, 
vKenneth Doyle, etc., et al., respondents.

Thomas M. Martyn, Bayville, NY, for appellants.
Barbiero Bisch O'Connor & Commander LLP, Melville, NY (Joseph M. O'Connor and Kathleen Commander of counsel), for respondents Kenneth Doyle and Par 4 Property Management, LLC.
Harfenist Kraut & Perlstein LLP, Lake Success, NY (Steven J. Harfenist and Heather L. Smar of counsel), for respondent Connan Land Company, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Conrad D. Singer, J.), entered January 11, 2023. The order, insofar as appealed from, (1) granted that branch of the motion of the defendant Connan Land Company, LLC, which was for summary judgment dismissing the amended complaint insofar as asserted against it, (2) granted that branch of the motion of the defendants Kenneth Doyle and Par 4 Property Management, LLC, which was for summary judgment dismissing the amended complaint insofar as asserted against them, and (3) denied those branches of the plaintiffs' cross-motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and for leave to amend the bill of particulars.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.
The plaintiff Mark Barbu (hereinafter the injured plaintiff) allegedly was injured on March 29, 2017, when he fell from a pallet rack inside the warehouse portion of a building owned by the defendant Connan Land Company, LLC (hereinafter the owner), and leased to the defendant Par 4 Property Management, LLC (hereinafter Par 4). Par 4 was owned by the injured plaintiff's brother-in-law, the defendant Kenneth Doyle. The injured plaintiff testified at his deposition that, on the date of the accident, he went to the premises to retrieve personal items he stored at the warehouse, including tools and construction materials. He testified that he climbed on top of the pallet rack to look for his property, but he lost his balance and fell approximately 10 feet to the ground.
Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action against the owner, Par 4, and Doyle, alleging, among other things, common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The owner moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. Par 4 and Doyle [*2](hereinafter together the Par 4 defendants) moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against them. The plaintiffs opposed the motions and cross-moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and for leave to amend the bill of particulars to assert violations of the Industrial Code. In an order entered January 11, 2023, the Supreme Court, among other things, granted those branches of the separate motions of the owner and the Par 4 defendants and denied those branches of the plaintiffs' cross-motion. The plaintiffs appeal.
The Supreme Court properly granted those branches of the separate motions of the owner and the Par 4 defendants which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) insofar as asserted against each of them and denied that branch of the plaintiffs' cross-motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). "'[I]n order to invoke the protections afforded by the Labor Law and to come within the special class [of workers] for whose benefit liability is imposed upon contractors, owners and their agents, a plaintiff must demonstrate that he [or she] was both permitted or suffered to work on a building or structure and that he [or she] was hired by someone, be it owner, contractor or their agent'" (Daeira v Genting N.Y., LLC, 173 AD3d 831, 834, quoting Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576-577). Here, the owner and the Par 4 defendants established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law causes of action insofar as asserted against each of them by demonstrating that the injured plaintiff was not hired to perform work at the premises and was not acting as an employee when he went to retrieve his property from the warehouse (see Dos Anjos v Palagonia, 165 AD3d 626, 627; Hill v Country Club Acres, Inc., 134 AD3d 1267, 1268; Passante v Peck & Sander Props., LLC, 33 AD3d 980). In opposition, the plaintiffs failed to raise a triable issue of fact.
Furthermore, the Supreme Court properly granted that branch of the owner's motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it. "An out-of-possession landlord is not liable for injuries caused by dangerous conditions on leased premises in the absence of a statute imposing liability, a contractual provision placing the duty to repair on the landlord, or a course of conduct by the landlord giving rise to a duty" (Greco v St. Bridget's Church at Westbury, Queens Co., 231 AD3d 1019, 1019-1020 [internal quotation marks omitted]; see Marmolejo-Cuellar v Spar Knitwear Corp., 236 AD3d 889). Here, the owner demonstrated, prima facie, that it was an out-of-possession landlord that was not bound by contract or a course of conduct to maintain the interior of the premises (see Marmolejo-Cuellar v Spar Knitwear Corp., 236 AD3d 889; Miranda v 1320 Entertainment, Inc., 230 AD3d 755, 757). In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court also properly granted that branch of the Par 4 defendants' motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against them. "While a possessor of real property has a duty to maintain that property in a reasonably safe condition, there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous" (Butler v NYU Winthrop Hosp., 225 AD3d 658, 659 [internal quotation marks omitted]; see Kean-Chong v MBA-Vernon Blvd., LLC, 228 AD3d 851, 852). "A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (Robbins v 237 Ave. X, LLC, 177 AD3d 799, 799 [internal quotation marks omitted]).
Here, the Par 4 defendants established, prima facie, that the pallet rack was readily observable by those employing the reasonable use of their senses and was not inherently dangerous (see Rider v Manhattan Monster, Inc., 208 AD3d 807, 808-809; Luttenberger v McManus-Lorey Funeral Home, Ltd., 200 AD3d 671). The evidence demonstrated that the injured plaintiff was familiar with the warehouse, having been there on more than 20 occasions, and with pallet racking systems, which he had previously installed. Additionally, the injured plaintiff testified at his deposition that he did not notice anything wrong with the subject pallet rack. In opposition, the plaintiffs failed to raise a triable issue of fact.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted those branches of the separate motions of the owner and the Par 4 defendants which were for summary judgment dismissing the amended complaint insofar as asserted against each of them and denied those branches of the plaintiffs' cross-motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and for leave to amend the bill of particulars.
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court