Liers v Kohl's Ill., Inc. (2026 NY Slip Op 01192)

Liers v Kohl's Ill., Inc.

2026 NY Slip Op 01192

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-01472
 (Index No. 600979/20)

[*1]Lizabeth Liers, et al., appellants, 
vKohl's Illinois, Inc., et al., respondents, et al., defendants (and a third-party action).

Cellino Law LLP, Melville, NY (Joshua B. Sandberg of counsel), for appellants.
Giordano, Glaws & Fenstermacher, LLP, New York, NY (Jacob Setterfield Traub of counsel), for respondents.
Eric D. Feldman, Melville, NY (Scott W. Driver of counsel), for defendant Five Star Landscaping Unlimited, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Dawn Jimenez, J.), entered February 3, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendants Kohl's Illinois, Inc., Kohl's Corporation, and Kohl's Department Stores, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs payable to the defendants Kohl's Illinois, Inc., Kohl's Corporation, and Kohl's Department Stores, Inc.
In March 2017, the plaintiff Lizabeth Liers allegedly was injured when she slipped on ice melt pellets on a staircase while leaving a store operated by the defendants Kohl's Illinois, Inc., Kohl's Corporation, and Kohl's Department Stores, Inc. (hereinafter together the Kohl's defendants). The plaintiffs commenced this action against, among others, the Kohl's defendants to recover damages for personal injuries. The Kohl's defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order entered February 3, 2023, the Supreme Court, among other things, granted that branch of the Kohl's defendants' motion. The plaintiffs appeal.
"Owners and parties in possession of a property are under a duty to maintain their property in a reasonably safe condition in view of the existing circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Velasquez v County of Westchester, 237 AD3d 1137, 1138 [internal quotation marks omitted]; see Saunders v Nostrand 1543, LLC, 230 AD3d 1261, 1262). "However, there is no duty to protect or warn of conditions that are not inherently dangerous and that are readily observable by the reasonable use of one's senses" (Martinez v Fairfield Hills E., LLC, 213 AD3d 837, 837 [internal quotation marks omitted]; see Cupo v Karfunkel, 1 AD3d 48, 52). "A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the [*2]time of the accident" (Rider v Manhattan Monster, Inc., 208 AD3d 807, 808 [internal quotation marks omitted]; see Williams v E & R Jamaica Food Corp., 202 AD3d 1028, 1029).
Here, the Kohl's defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by submitting evidence demonstrating that the ice melt pellets, which were known to the plaintiffs prior to the accident, were open and obvious and were not inherently dangerous (see Humphrey v Starrett City, Inc., 164 AD3d 771, 771-772; Scalice v Braisted, 116 AD3d 755, 755; Rivers v Villford Realty Corp., 106 AD3d 492, 492). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court correctly granted that branch of the Kohl's defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
In light of our determination, the Kohl's defendants' remaining contention need not be reached.
BARROS, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court