Swinney v Nassau County (2020 NY Slip Op 00169)





Swinney v Nassau County


2020 NY Slip Op 00169


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2018-12663
 (Index No. 1946/13)

[*1]Nicole Swinney, appellant, 
v
Nassau County, et al., respondents.


Robert Washuta, P.C., New York, NY, for appellant.
Jared A. Kasschau, County Attorney, Mineola, NY (Robert F. Van der Waag and Christi M. Kunzig of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered August 9, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly tripped and fell on a piece of wood, which had fallen from a nearby split-rail fence, in the defendants' park. The plaintiff subsequently commenced this personal injury action against the defendants. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals.
A landowner has a duty to maintain its premises in a reasonably safe condition (see Peralta v Henriquez, 100 NY2d 139, 144; Basso v Miller, 40 NY2d 233, 241). There is, however, no duty to protect or warn against conditions that are open and obvious and not inherently dangerous (see Cupo v Karfunkel, 1 AD3d 48, 51). Here, the defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that the wood on the ground was open and obvious and not inherently dangerous (see Ochoa-Hoenes v Finkelstein, 172 AD3d 1080, 1081; Ramirez v Creative Linen House, Inc., 170 AD3d 913; Stern v Costco Wholesale, 63 AD3d 1139, 1140). In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court