Spina v Brookwood Ronkonkoma, LLC (2020 NY Slip Op 03684)





Spina v Brookwood Ronkonkoma, LLC


2020 NY Slip Op 03684


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-11301
 (Index No. 601172/15)

[*1]Rose Spina, et al., appellants, 
v
Brookwood Ronkonkoma, LLC, respondent.


Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellants.
Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg and Anthony F. DeStefano], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated August 13, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On March 14, 2013, the plaintiff Rose Spina (hereinafter the injured plaintiff) allegedly tripped on a flowerpot which was located on an exterior walkway near the entrance to the defendant's management office, and fell. The injured plaintiff, and her husband suing derivatively, then commenced this personal injury action against the defendant. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiffs appeal.
A landowner has a duty to maintain its premises in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Locke v Calamit, 175 AD3d 560, 561). However, there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous (see Genefar v Great Neck Park Dist., 156 AD3d 762, 763; Cupo v Karfunkel, 1 AD3d 48, 52).
Here, in support of its motion, the defendant submitted, inter alia, a transcript of the deposition testimony of the injured plaintiff and photographs of the walkway and the flowerpot at issue, which demonstrated, prima facie, that the flowerpot was open and obvious and not inherently dangerous (see Ramirez v Creative Linen House, Inc., 170 AD3d 913; Neiderbach v 7-Eleven, Inc., 56 AD3d 632). The defendant also established, prima facie, that the presence of the flowerpot was not in violation of any applicable building code (see Alvarez v Prospect Hosp., 68 NY2d 320). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court