Masker v Smith (2020 NY Slip Op 06519)





Masker v Smith


2020 NY Slip Op 06519


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-13780
 (Index No. 1315/16)

[*1]Levi Masker, appellant, 
v
Lisa Smith, respondent.


Sobo & Sobo, LLP, Middletown, NY (Mark P. Cambareri of counsel), for appellant.
Barclay Damon, LLP, Albany, NY (Amanda J. Miller of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated October 5, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
We agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint. The defendant established her prima facie entitlement to judgment as matter of law. A landowner has a duty to maintain his or her premises in a reasonably safe condition, but has no duty to protect or warn against conditions that are open and obvious and not inherently dangerous (see Swinney v Nassau County, 179 AD3d 731; Robbins v 237 Ave. X, LLC, 177 AD3d 799; Locke v Calamit, 175 AD3d 560). In order to obtain summary judgment, a defendant must establish that a condition was both open and obvious and, as a matter of law, was not inherently dangerous (see Karpel v National Grid Generation, LLC, 174 AD3d 695; Crosby v Southport, LLC, 169 AD3d 637). In such circumstances, the condition which caused the accident cannot fairly be attributed to any negligent maintenance of the property (see Crosby v Southport, LLC, 169 AD3d at 640; Cupo v Karfunkel, 1 AD3d 48).
Here, the defendant established, prima facie, that the condition of the pie-shaped "winder" step on which the plaintiff allegedly fell was both open and obvious, and not inherently dangerous. The plaintiff testified at his deposition that he had used the subject stairway without incident about five times before the day of the accident. Furthermore, he testified that he had ascended the stairs to the second floor without incident minutes before he fell while descending the stairs. The plaintiff's own testimony established that he was aware of the existence of the winder step at the time of the accident (see Zeolla v Town of Stanford, 134 AD3d 1100; Fishelson v Kramer Props., LLC, 133 AD3d 706; Kirk v Staples the Off. Superstore E., Inc., 123 AD3d 889; Luciano v 144-18 Rockaway Realty Corp., 32 AD3d 505; Tenenbaum v Best 21 Ltd., 15 AD3d 646).
The defendant established, prima facie, that the condition of the winder step was not a proximate cause of the plaintiff's accident. It is just as likely that some factor other than a dangerous or defective condition, such as a misstep or a loss of balance, caused the accident, and therefore any determination by the trier of fact as to causation would be based upon sheer speculation (see Gaither-Angus v Adelphi Univ., 180 AD3d 875; Grande v Won Hee Lee, 171 AD3d 877; Hahn v Go Go Bus Tours, Inc., 144 AD3d 748). Furthermore, the defendant established that she did not [*2]create or have actual or constructive notice of a dangerous condition regarding the winder step.
The plaintiff failed to raise a triable issue of fact in opposition to the defendant's prima facie showing. The plaintiff's argument that the winder step created an optical confusion is without merit. Optical confusion occurs when conditions in an area create the illusion of a flat surface, visually obscuring any steps (see Buonchristiano v Fordham Univ., 146 AD3d 711; Langer v 116 Lexington Ave., Inc., 92 AD3d 597; Saretsky v 85 Kenmare Realty Corp., 85 AD3d 89). Findings of liability based on optical confusion have typically turned on factors such as inadequate warning of the drop coupled with poor lighting, inadequate demarcation between raised and lowered areas, or some other distraction or similar dangerous condition (see Langer v 116 Lexington Ave., Inc., 92 AD3d at 599; Saretsky v 85 Kenmare Realty Corp., 85 AD3d at 92). This Court has found a triable issue of fact as to whether an optical confusion existed or whether a plaintiff could reasonably perceive the existence of a change in elevation where the plaintiff was unfamiliar with the premises (see Matheis v Hunt Country Furniture, Inc., 140 AD3d 713; Roros v Oliva, 54 AD3d 398).
The plaintiff here was not unfamiliar with the premises, having testified that he had been to the premises and used the stairway on about five occasions before the day of the accident, and furthermore he had walked up the stairway minutes before his accident (see Fishelson v Kramer Props., LLC, 133 AD3d at 708). The record established that the stairway was reasonably well lit when the plaintiff fell, that the plaintiff was aware of the winder step on the stairway, and that there was a handrail for the plaintiff to use while walking down the stairs, all of which controvert the plaintiff's contention that the winder step was masked and created an optical confusion. Furthermore, the plaintiff's testimony that the winder step looked like a straight line, like a normal step, and not pie-shaped when looking down at it is insufficient by itself to raise a triable issue of fact as to whether a dangerous or defective condition existed (see McFeely v Mercy Hosp. of Buffalo, 177 AD3d 1279).
DILLON, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court