Brett v AJ 1086 Assoc., LLC (2020 NY Slip Op 07532)





Brett v AJ 1086 Assoc., LLC


2020 NY Slip Op 07532


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2019-08792
 (Index No. 508577/17)

[*1]Sharon Brett, respondent, 
v
AJ 1086 Associates, LLC, et al., appellants.


O'Connor, O'Connor, Hintz & Deveney, LLP, Melville, NY (Dawn C. Faillace-Dillon of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated June 26, 2019. The order granted the plaintiff's motion for leave to reargue her opposition to the defendants' motion for summary judgment dismissing the complaint, which had been granted in an order of the same court dated March 15, 2019, and, upon reargument, vacated the order dated March 15, 2019, and thereupon denied the defendants' motion.
ORDERED that the order dated June 26, 2019, is affirmed, without costs or disbursements.
On October 2, 2016, the plaintiff allegedly was injured when she tripped and fell on a wheel stop in the parking lot on the defendants' premises as she was walking from her parked vehicle toward the store located on the premises. In May 2017, the plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants subsequently moved for summary judgment dismissing the complaint, arguing that the wheel stop was an open and obvious condition and not inherently dangerous. In an order dated March 15, 2019, the Supreme Court granted the defendants' motion.
Thereafter, the plaintiff moved for leave to reargue her opposition to the defendants'
motion for summary judgment dismissing the complaint. In an order dated June 26, 2019, the Supreme Court granted the plaintiff's motion for leave to reargue and, upon reargument, vacated the order dated March 15, 2019, granting the defendants' motion for summary judgment dismissing the complaint, and thereupon denied that motion. The defendants appeal from the order dated June 26, 2019.
"A motion for leave to . . . reargue is addressed to the sound discretion of the Supreme Court" (Central Mtge. Co. v McClelland, 119 AD3d 885, 886). "A motion for leave to reargue must be 'based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion'" (id. at 886, quoting CPLR 2221[d][2]; see Maurisaca v Bowery at Spring Partners, L.P., 168 AD3d 711, 712). Here, contrary to the defendants' contention, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to reargue her opposition to the defendants' motion for summary judgment dismissing the complaint (see CPLR [*2]2221[d][2]).
Moreover, we agree with the Supreme Court's determination, upon reargument, denying the defendants' motion for summary judgment dismissing the complaint. A landowner has a duty to maintain its premises in a reasonably safe condition (see Peralta v Henriquez, 100 NY2d 139, 144; Basso v Miller, 40 NY2d 233, 241). There is, however, no duty to protect or warn against conditions that are open and obvious and not inherently dangerous (see Costidis v City of New York, 159 AD3d 871; Bogaty v Bluestone Realty NY, Inc., 145 AD3d 752; Cupo v Karfunkel, 1 AD3d 48, 51). "Proof that a dangerous condition is open and obvious does not preclude a finding of liability against an owner for failure to maintain property in a safe condition" (Holmes v Macy's Retail Holdings, Inc., 184 AD3d 811, 811). "The determination of whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case" (id. at 811 [internal quotation marks, citations, and alterations omitted]; see Mazzarelli v 54 Plus Realty Corp., 54 AD3d 1008, 1009).
Here, on their motion for summary judgment dismissing the complaint, the defendants failed to establish, prima facie, that the wheel stop, which had been moved from its normal position along the top of the parking spot, was an open and obvious condition that was not inherently dangerous (see Rivera v Queens Ballpark Co., LLC, 134 AD3d 796, 798; Salomon v Prainito, 52 AD3d 803, 805). According to the deposition testimony of the store's assistant manager, a transcript of which the defendants submitted in support of their motion, two to three times a week, the wheel stops in the defendants' parking lot would be moved from their normal positions to allow for merchandise to be transported from the storage area, and the wheel stops were then supposed to be returned to their normal position. Further, according to the plaintiff's deposition testimony, a transcript of which was also submitted by the defendants in support of their motion, upon exiting her parked vehicle, the plaintiff tripped after taking a few steps toward the store while looking in that direction when her foot came into contact with something which, after she fell, she saw was a wheel stop that was not situated in its normal position in front of her vehicle but was slanted.
Accordingly, we agree with the Supreme Court's determination, upon reargument, to deny the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court