Cortes v King Kullen Grocery Co., Inc. (2022 NY Slip Op 06686)

Cortes v King Kullen Grocery Co., Inc.

2022 NY Slip Op 06686

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-04616
 (Index No. 617415/17)

[*1]Josefa Cortes, appellant,
v
King Kullen Grocery Co., Inc., respondent.

Cannon & Acosta, LLP, Huntington Station, NY (JoAn E. Abreu and Douglas Herring of counsel), for appellant.
Cullen and Dykman, LLP, Garden City, NY (Christopher F. Mansfield and Miriam Skolnik of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated May 13, 2020. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she alleged she sustained when she tripped and fell over a cart stacked with empty boxes in an aisle of the defendant's store. The defendant moved for summary judgment dismissing the complaint, contending that the condition was open and obvious and not inherently dangerous. In an affidavit submitted in opposition to the motion the plaintiff stated that she observed the cart when she entered the aisle but "forgot it was there" at the moment she tripped over it. By order dated May 13, 2020, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
"'Store [operators] are charged with the duty of keeping their premises in a reasonably safe condition for the benefit of their customers'" (Aupperlee v Restaurant Depot, LLC, 177 AD3d 940, 941, quoting Russo v Home Goods, Inc., 119 AD3d 924, 925). However, "there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous" (Lebron v City of New York, 208 AD3d 656, 657 [internal quotation marks omitted]; see Cupo v Karfunkel, 1 AD3d 48, 52).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence demonstrating that the cart stacked with empty boxes "was open and obvious, as it was not only readily observable by those employing the reasonable use of their senses, but was known to the plaintiff prior to the accident, and, as a matter of law, was not inherently dangerous" (Ramirez v Creative Linen House, Inc., 170 AD3d 913, 913; see Flaim v Hex Food, Inc., 79 AD3d 797, 798).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the [*2]plaintiff's contention, under the circumstances here, the condition was not a trap for the unwary (see Gleyzer v SNL Meat & Produce, Inc., 135 AD3d 817, 818; Russo v Home Goods, Inc., 119 AD3d at 925). The cart in the aisle was readily observable by those making a reasonable use of their senses, and the plaintiff acknowledged in her affidavit that she observed the cart when she entered the aisle but "forgot it was there" at the moment she tripped over it.
The plaintiff failed to demonstrate that summary judgment was premature as she did not "offer any evidentiary basis to suggest that additional discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of [the defendant]" (Brooklyn Cancer Care Med., P.C. v Brooklyn Hosp. Ctr., 201 AD3d 861, 862).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court