Martinez v Fairfield Hills E., LLC (2023 NY Slip Op 00857)

Martinez v Fairfield Hills E., LLC

2023 NY Slip Op 00857

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2021-08553
 (Index No. 618197/18)

[*1]Susan Martinez, appellant, 
v
Fairfield Hills East, LLC, et al., respondents.

The Barnes Firm, P.C., Garden City, NY (Martha Pigott and Robert Seigal of counsel), for appellant.
Brody, O'Connor & O'Connor, Northport, NY (Patricia A. O'Connor, Joseph O'Connor, and Thomas O'Connor of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated October 21, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On May 31, 2018, the plaintiff allegedly was injured when she fell while descending an exterior step of the defendants' premises. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The defendants subsequently moved for summary judgment dismissing the complaint, contending, inter alia, that the step was open and obvious and not inherently dangerous. The Supreme Court granted the defendants' motion. The plaintiff appeals.
"An owner of land has a duty to maintain his [or her] property in a reasonably safe condition" (Locke v Calamit, 175 AD3d 560, 561; see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872). "However, there is no duty to protect or warn of conditions that are not inherently dangerous and that are readily observable by the reasonable use of one's senses" (Costidis v City of New York, 159 AD3d 871, 871; see Graffino v City of New York, 162 AD3d 990, 991; Cupo v Karfunkel, 1 AD3d 48, 52). "A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (Williams v E & R Jamaica Food Corp., 202 AD3d 1028, 1029 [internal quotation marks omitted]). "The determination of [w]hether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case" (Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154 [internal quotation marks omitted]).
Here, the defendants established, prima facie, that the step on which the plaintiff allegedly fell was both open and obvious, and not inherently dangerous (see Masker v Smith, 188 AD3d 867, 868; Fishelson v Kramer Props., LLC, 133 AD3d 706, 707-708; Losciuto v City Univ. of N.Y., 80 AD3d 576, 576-577). At her deposition, the plaintiff testified that, moments before the alleged incident, she had ascended the step without incident. Further, according to the plaintiff, the [*2]alleged incident took place on a sunny day and there was nothing obstructing her view of the step. In opposition, the plaintiff failed to raise a triable issue of fact (see generally Plowden v Stevens Partners, LLC, 45 AD3d 659, 660; Amster v Kromer, 150 AD3d 804, 804-805). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
The plaintiff's remaining contention is without merit.
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER: 
Maria T. Fasulo
Clerk of the Court