Catman v Back Water Grille LLC (2024 NY Slip Op 01223)

Catman v Back Water Grille LLC

2024 NY Slip Op 01223

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

CV-22-2207
[*1]Robert Catman, Appellant,
v
Back Water Grille LLC, Respondent.

Calendar Date:January 10, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, McShan and Powers, JJ.

DeLorenzo, Grasso & Dalmata, LLP, Schenectady (Christopher R. Burke of counsel), for appellant.
Brand & Tapply, LLC, New York City (Joseph A. Nett of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Thomas D. Buchanan, J.), entered November 10, 2022 in Saratoga County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff commenced this action to recover for personal injuries he sustained in July 2019 while completing a delivery at defendant's premises located in the Town of Canaan, Columbia County. Specifically, plaintiff alleges that he suffered injuries when he lost his balance and fell trying to pick up a kayak paddle [FN1] that was lying on the floor of the delivery entrance hallway of defendant's restaurant. Plaintiff asserts that defendant's failure to maintain its premises in a reasonably safe condition caused him to fall. After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, and plaintiff appeals.
"To prevail on a motion for summary judgment, the defendant is required to establish that its property had been maintained in a reasonably safe condition, and that it did not create a dangerous condition that caused the plaintiff's fall or have actual or constructive notice of that condition" (Mister v Mister, 188 AD3d 1334, 1334 [3d Dept 2020] [internal quotation marks, brackets and citations omitted]; see Osterhoudt v Acme Mkts., Inc., 214 AD3d 1181, 1181 [3d Dept 2023]). "However, there is no duty to protect or warn of conditions that are not inherently dangerous and that are readily observable by the reasonable use of one's senses. A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (Martinez v Fairfield Hills E., LLC, 213 AD3d 837, 837 [2d Dept 2023] [internal quotation marks and citations omitted]; see Gransbury v K Mart Corp., 229 AD2d 891, 892 [3d Dept 1996]). "[T]he determination of whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case" (Osterhoudt v Acme Mkts., Inc., 214 AD3d at 1181 [internal quotation marks and citations omitted]; accord Martinez v Fairfield Hills E., LLC, 213 AD3d at 837).
Defendant established, prima facie, that the kayak paddle located in the hallway where plaintiff fell was both open and obvious and not inherently dangerous. Defendant's manager testified that she had been working at the restaurant for 11 years and was working on the day of the incident. She relayed that the restaurant allowed patrons to use its kayak paddles and stored them in the hallway. She further stated that the restaurant receives 24 to 34 deliveries per month and that all deliveries utilize the hallway where the incident occurred. With respect to the day in question, she stated that she had walked the hallway approximately 20 to 60 times and did [*2]not see a paddle on the floor. The manager testified that no one has fallen in the hallway throughout the decade plus that she has worked at the restaurant, there have not been any complaints of items on the floor or blockages of the hallway during that time, nor have there been any refusals by a delivery person to complete a delivery as a result of the condition of the hallway. Finally, it is undisputed that the paddle was an ordinary kayak paddle and that it was not attached to the floor in any way.
In opposition, plaintiff failed to raise a triable issue of fact. At his deposition, plaintiff stated that he had serviced defendant's account for approximately 15 years [FN2] and made between 200 to 300 deliveries during that time. He averred that he always made deliveries via the same route — through a back door and down the same hallway that was the site of his fall. Plaintiff relayed that at times there have been items stored in the hallway and he has occasionally asked an employee to move the items out of his way. On the day of the fall, he did an initial inspection before making the delivery by walking in the back door and down the hallway, where he noticed a kayak paddle near the cooler. He did not ask an employee to move it; instead, he decided to move it himself and, as he bent down to grab it, the momentum of his body leaning forward caused his toe to contact the paddle and he fell.
As plaintiff admitted that his fall occurred as he was in the act of reaching down to move the paddle, it is self-evident that the paddle — the implement which plaintiff cites as the cause of his fall — was open and obvious and, as such, defendant had no duty to warn plaintiff of same (see Tagle v Jakob, 97 NY2d 165, 170 [2001]; Martinez v Fairfield Hills E., LLC, 213 AD3d at 837). Moreover, there was no evidence that the paddle was inherently dangerous as a matter of law (see Ochoa-Hoenes v Finkelstein, 172 AD3d 1080, 1081 [2d Dept 2019]; Anton v Correctional Med. Servs., Inc., 74 AD3d 1682, 1683 [3d Dept 2010]; Capozzi v Huhne, 14 AD3d 474, 475 [2d Dept 2005]; Schoen v King Kullen Grocery Co., 296 AD2d 486, 486 [2d Dept 2002]). Contrary to plaintiff's contention that Supreme Court did not consider the totality of the circumstances, the record establishes that the court did so and properly granted summary judgment dismissing the complaint (see Farrell v Ted's Fish Fry, Inc., 196 AD3d 893, 895 [3d Dept 2021]; Anton v Correctional Med. Servs., Inc., 74 AD3d at 1683). There is no merit to plaintiff's assertion that Supreme Court added a "persistent condition" requirement to the finding of a dangerous condition; instead, the court merely utilized this term to distinguish this matter from MacDonald v City of Schenectady (308 AD2d 125 [3d Dept 2003]). In MacDonald, the court found that the landowner had allowed an open and obvious condition — a cracked sidewalk — to remain unabated on its property for six years. In so doing it articulated the rule upon which plaintiff relies[*3]— namely, that "the open and obvious nature of an allegedly dangerous condition does not, standing alone, necessarily obviate a landowner's duty to maintain his or her property in a reasonably safe condition" (id. at 127). However, in the case before us, the condition — a paddle lying on a floor — is temporary. While plaintiff argues that the determination of whether a condition is open and obvious and inherently dangerous is generally a question of fact for a jury, "a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion" (Tagle v Jakob, 97 NY2d at 169). Here, the facts compel that conclusion.
Clark, J.P., Lynch, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: The terms oar and paddle are interchangeably used throughout the parties' depositions. This Court uses the word paddle in its decision.

Footnote 2: Plaintiff acknowledged that defendant has been the owner of the premises for approximately the past five or six years.