Marino v Shop-Rite Supermarkets, Inc. (2024 NY Slip Op 04258)

Marino v Shop-Rite Supermarkets, Inc.

2024 NY Slip Op 04258

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-08083
 (Index No. 608713/20)

[*1]Jennifer Marino, appellant, 
v
Shop-Rite Supermarkets, Inc., defendant, BPP New Hyde Park, LLC, respondent.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Cariello Law Firm (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg and Alexandra M. Monteforte], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered September 19, 2022. The order granted the motion of the defendant BPP New Hyde Park, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when the vehicle she was driving collided with the base of a lamppost while attempting to exit a parking lot owned by the defendant BPP New Hyde Park, LLC (hereinafter the defendant). Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The defendant subsequently moved for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that the lamppost base was open and obvious and not inherently dangerous. The Supreme Court granted the defendant's motion. The plaintiff appeals.
"A landowner has a duty to maintain its premises in a reasonably safe condition" (Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154; see Sweet v Hazan, 220 AD3d 666, 667; Martinez v Fairfield Hills E., LLC, 213 AD3d 837, 837). However, "[a] property owner has no duty to protect or warn against conditions that are open and obvious and not inherently dangerous" (Evans v Fields, 217 AD3d 656, 656 [internal quotation marks omitted]; see Butler v NYU Winthrop Hosp., 225 AD3d 658). "A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (Butler v NYU Winthrop Hosp., 225 AD3d at 659 [internal quotation marks omitted]; see Martinez v Fairfield Hills E., LLC, 213 AD3d at 837). "'The determination of [w]hether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case'" (Martinez v Fairfield Hills E., LLC, 213 AD3d at 837, quoting Brett v AJ 1086 Assoc., LLC, 189 AD3d at 1154 [internal quotation marks omitted]; see Butler v NYU Winthrop Hosp., 225 AD3d at 659).
Here, the defendant established, prima facie, that the lamppost base that the plaintiff allegedly collided with was both open and obvious, and not inherently dangerous (see Martinez v Fairfield Hills E., LLC, 213 AD3d at 837; Johnson v NYC Dept. of Parks & Recreation, 206 AD3d 634, 635; Masker v Smith, 188 AD3d 867, 868). At her deposition, the plaintiff testified that she had been to the parking lot where the accident occurred more than 100 times and that she was aware that there were lampposts in the parking lot. The plaintiff further testified that, immediately before the accident, there were no cars parked adjacent to her vehicle. In opposition, the plaintiff failed to raise a triable issue of fact (see Martinez v Fairfield Hills E., LLC, 213 AD3d at 838; Johnson v NYC Dept. of Parks & Recreation, 206 AD3d at 635).
In light of the foregoing, the plaintiff's remaining contention need not be reached.
Accordingly, we affirm the order.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court