Karlin v K. Thompson Foods, LLC (2025 NY Slip Op 04559)

Karlin v K. Thompson Foods, LLC

2025 NY Slip Op 04559

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-06589
 (Index No. 603802/20)

[*1]Dolores Karlin, appellant, 
v
K. Thompson Foods, LLC, etc., respondent.

Davis & Ferber, LLP, Islandia, NY (Cary M. Greenberg of counsel), for appellant.
Shearer, P.C., Glen Head, NY (Mark G. Vaughan of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (George M. Nolan, J.), dated April 10, 2024. The order, insofar as appealed from, upon reargument, in effect, vacated an order of the same court dated November 2, 2023, denying the defendant's motion for summary judgment dismissing the complaint, and thereupon, granted the motion.
ORDERED that the order dated April 10, 2024, is affirmed insofar as appealed from, with costs.
In February 2020, the plaintiff commenced this action against the defendant to recover damages for personal injuries that she allegedly sustained in September 2019 when she tripped and fell on a wooden pallet underneath a cardboard display bin of watermelons in the defendant's store. The defendant moved for summary judgment dismissing the complaint, contending that the condition complained of was open and obvious and not inherently dangerous. In an order dated November 2, 2023, the Supreme Court denied the defendant's motion. Thereafter, the defendant moved for leave to reargue the motion. In an order dated April 10, 2024, the court, inter alia, upon reargument, in effect, vacated the order dated November 2, 2023, denying the defendant's motion for summary judgment dismissing the complaint, and thereupon, granted the motion. The plaintiff appeals.
Upon reargument, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. "A property owner has a duty to maintain his or her property in a reasonably safe condition" (Torres v La Borinquena HDFC, Inc., 229 AD3d 830, 831; see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Williams v E & R Jamaica Food Corp., 202 AD3d 1028, 1029). "However, there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous" (Torres v La Borinquena HDFC, Inc., 229 AD3d at 831; see Cortes v King Kullen Grocery Co., Inc., 210 AD3d 949, 950; Lebron v City of New York, 208 AD3d 656, 657). "'[T]o obtain summary judgment, a defendant must establish that a condition was both open and obvious and, as a matter of law, was not inherently dangerous'" (Ferruzzi v Village of Saltaire, 219 AD3d 1310, 1311, quoting Masker v Smith, 188 AD3d 867, 868; see Torres v La Borinquena HDFC, Inc., 229 AD3d at 831).
"'A condition is open and obvious if it is readily observable by those employing the [*2]reasonable use of their senses, given the conditions at the time of the accident'" (Torres v La Borinquena HDFC, Inc., 229 AD3d at 831 [internal quotation marks omitted], quoting Rider v Manhattan Monster, Inc., 208 AD3d 807, 808). "'The determination of whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case'" (Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154 [alteration omitted], quoting Holmes v Macy's Retail Holdings, Inc., 184 AD3d 811, 811; see Graffino v City of New York, 162 AD3d 990, 991).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by showing that the alleged hazardous condition was open and obvious and not inherently dangerous (see Torres v La Borinquena HDFC, Inc., 229 AD3d at 831; Sarab v BJ's Wholesale Club, 174 AD3d 933, 934). The evidence submitted by the defendant in support of its motion established, inter alia, that the plaintiff was aware of the pallet and display bin on top of it before her fall, that the color of the bin was in contrast to the surrounding floor, that the lighting condition was good at the time of the accident, and that the plaintiff was familiar with the area. In opposition, the plaintiff failed to raise a triable issue of fact. The report of the plaintiff's expert was not in admissible form, and the plaintiff offered no excuse for failing to tender the report in admissible form (see CPLR 2106; Sanchez-Trujillo v Beach 119, LLC, 225 AD3d 726, 726).
Accordingly, upon reargument, the Supreme Court properly, in effect, vacated its prior order denying the defendant's motion for summary judgment dismissing the complaint, and thereupon, granted the motion.
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court