Berrick v 16 Brentwood Rd., LLC (2025 NY Slip Op 04971)

Berrick v 16 Brentwood Rd., LLC

2025 NY Slip Op 04971

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-01324
 (Index No. 620695/19)

[*1]Karin Berrick, appellant, 
v
16 Brentwood Road, LLC, et al., respondents (and a third-party action).

The Bongiorno Law Firm, PLLC (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellant.
Hoffman Roth & Matlin, LLP, New York, NY (John T. Hague of counsel), for respondent 16 Brentwood Road, LLC.
Garson & Jakub LLP, New York, NY (Andrew M. Harrison of counsel), for respondent Enzo Clinical Labs, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated January 4, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant 16 Brentwood Road, LLC, which was for summary judgment dismissing the amended complaint insofar as asserted against it and granted that branch of the separate motion of the defendant Enzo Clinical Labs, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action against the defendants, 16 Brentwood Road, LLC (hereinafter Brentwood), and Enzo Chemical Labs, Inc. (hereinafter Enzo), to recover damages for personal injuries the plaintiff alleged she sustained in April 2019 when she tripped and fell on a single step inside premises owned by Brentwood and leased to Enzo. The defendants separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them. The plaintiff opposed the separate motions. In an order dated January 4, 2023, the Supreme Court, among other things, granted those branches of the separate motions. The plaintiff appeals, and we affirm the order insofar as appealed from.
"Landowners generally owe a duty of care to maintain their property in a reasonably safe condition, and are liable for injuries caused by a breach of this duty" (Henry v Hamilton Equities, Inc., 34 NY3d 136, 142; see Locke v Calamit, 175 AD3d 560, 561). "However, there is no duty to protect or warn of conditions that are not inherently dangerous and that are readily observable by the reasonable use of one's senses" (Costidis v City of New York, 159 AD3d 871, 871; see Martinez v Fairfield Hills E., LLC, 213 AD3d 837). "A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (Butler v NYU Winthrop Hosp., 225 AD3d 658, 659 [internal quotation marks omitted]; see Marino v Shop-Rite Supermarkets, Inc., 230 AD3d 668, 669).
Here, the defendants each demonstrated, prima facie, that the single step, which the plaintiff had traversed without incident on two occasions prior to the date of the accident, was both open and obvious and not inherently dangerous (see Coppola v Cure of Ars R.C. Church, 119 AD3d 726; Nelson v 40-01 N. Blvd. Corp., 95 AD3d 851, 852). The defendants each also demonstrated, prima facie, that the step was not in violation of an applicable building code (see Spina v Brookwood Ronkonkoma, LLC, 185 AD3d 621, 621; Tyz v First St. Holding Co., Inc., 78 AD3d 818, 819). In opposition, the plaintiff failed to raise a triable issue of fact (see Martinez v Fairfield Hills E., LLC, 213 AD3d at 838).
Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court