Laruccia v Lewis J. Newton & Sons (2025 NY Slip Op 05510)

Laruccia v Lewis J. Newton & Sons

2025 NY Slip Op 05510

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2023-05204
 (Index No. 613532/20)

[*1]Susanna Laruccia, appellant, 
v
Lewis J. Newton & Sons, et al., respondents.

Tarver Law Firm, P.C., Mineola, NY (Terrence L. Tarver of counsel), for appellant.
Sobel Pevzner, LLC, New York, NY (Anthony P. Orlich of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated December 12, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
In 2020, the plaintiff commenced this personal injury action against the defendants, alleging that she fell while disembarking a Ferris wheel loading platform due a dangerous, defective, and hazardous condition. The defendants moved for summary judgment dismissing the complaint. In an order dated December 12, 2022, the Supreme Court granted the defendants' motion. The plaintiff appeals.
A landowner has a duty to maintain its premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). "However, a landowner has no duty to protect or warn against conditions that are open and obvious and not inherently dangerous" (Young Min Kim v Jetro Cash & Carry Enters., LLC, 236 AD3d 1090, 1091; see Martinez v Fairfield Hills E., LLC, 213 AD3d 837, 837; Cortes v King Kullen Grocery Co., Inc., 210 AD3d 949, 950). "'A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident'" (Martinez v Fairfield Hills E., LLC, 213 AD3d at 837, quoting Williams v E & R Jamaica Food Corp., 202 AD3d 1028, 1029). "'The determination of whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case'" (id. [alteration omitted], quoting Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154).
"'Proof that a dangerous condition is open and obvious does not preclude a finding of liability' but instead speaks to 'the issue of the plaintiff's comparative negligence'" (Everett v CMI Servs. Corp., 206 AD3d 620, 621-622 [alteration and internal quotation marks omitted], quoting Karpel v National Grid Generation, LLC, 174 AD3d 695, 696-697; see Cupo v Karfunkel, 1 AD3d 48, 52). "'To obtain summary judgment, a defendant must establish that a condition was both open and obvious and, as a matter of law, was not inherently dangerous'" (Ferruzzi v Village of Saltaire, 219 AD3d 1310, 1311 [alteration omitted], quoting Masker v Smith, 188 AD3d 867, [*2]868).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence demonstrating that the ramp from the Ferris wheel's loading platform was both open and obvious and not inherently dangerous. The defendants established that the ramp, as well as the height differential from the surface of the platform to the pavement, were readily observable by those employing the reasonable use of their senses, and the plaintiff's testimony at her deposition indicated that she was "looking straight ahead" and not at the platform (see Weiss v Half Hollow Hills Cent. School Dist., 70 AD3d 932, 933; Pedersen v Kar, Ltd., 283 AD2d 625, 625). Moreover, the height differential from the surface of the platform to the pavement was known to the plaintiff prior to the accident, as she had previously traversed the platform without incident when boarding the Ferris wheel (see Martinez v Fairfield Hills E., LLC, 213 AD3d at 837-838; Pedersen v Kar, Ltd., 283 AD2d at 625).
The evidence submitted by the plaintiff in opposition, including an affidavit from her expert, failed to raise a triable issue of fact (see Capio v U.S. Bank N.A., 234 AD3d 919, 920; Coppola v Cure of Ars R.C. Church, 119 AD3d 726, 727). The record established that the platform was reasonably well lit when the plaintiff fell, that the plaintiff was aware of the height differential from the surface of the platform to the pavement, having just traversed it to board the Ferris wheel, and that the ramp included a handrail as well as a painted yellow line at the edge, all of which controverted the plaintiff's contention that the ramp created an optical confusion (see Masker v Smith, 188 AD3d at 869). Moreover, the plaintiff's testimony failed to substantiate this contention, as she testified that she was not looking at the platform but was "looking straight ahead" (see Bryant v Town of Brookhaven, 135 AD3d 801, 803). Further, the plaintiff failed to demonstrate that summary judgment was premature, as she did not offer any evidentiary basis to suggest that additional discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively within the knowledge and control of the defendants (see Cortes v King Kullen Grocery Co., Inc., 210 AD3d at 951; Brooklyn Cancer Care Med., P.C. v Brooklyn Hosp. Ctr., 201 AD3d 861, 862).
The parties' remaining contentions are either without merit or academic in light of our determination.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
GENOVESI, J.P., MILLER, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court