F.S. v City of New York (2025 NY Slip Op 05836)

F.S. v City of New York

2025 NY Slip Op 05836

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2024-07030
 (Index No. 533081/21)

[*1]F.S., etc., et al., appellants,
v
City of New York, respondent.

Holczer Law Firm, PLLC, Brooklyn, NY (Ezra Holczer of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Lauren L. O'Brien of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated April 3, 2024. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In August 2021, the infant plaintiff allegedly sustained injuries when, while playing in a planter within a park in Brooklyn, she hit her chin on a large rock in the planter. The infant plaintiff and her mother, suing derivatively, then commenced the instant personal injury action against the defendant, City of New York. The defendant moved for summary judgment dismissing the complaint. The plaintiffs opposed the motion, submitting an expert report, among other things. In an order dated April 3, 2024, the Supreme Court granted the motion. The plaintiffs appeal.
While a landowner has a duty to maintain its premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233), "there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous" (Johnson v NYC Dept. of Parks & Recreation, 206 AD3d 634, 635; see Genefar v Great Neck Park Dist., 156 AD3d 762, 763; Errett v Great Neck Park Dist., 40 AD3d 1029, 1029; Jang Hee Lee v Sung Whun Oh, 3 AD3d 473, 474). "'Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances. A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted'" (A.G. v Roosevelt Union Free Sch. Dist., 222 AD3d 948, 950, quoting Shermazanova v Amerihealth Med., P.C., 173 AD3d 796, 797; see Martinez v Fairfield Hills E., LLC, 213 AD3d 837, 837).
Here, the evidence submitted by the defendant in support of its motion established, prima facie, that the rock in the planter was, as a matter of law, readily observable and not inherently dangerous (see Martinez v Fairfield Hills E., LLC, 213 AD3d at 838; Espinosa v Fairfield Props. Group, LLC, 160 AD3d 927, 927). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the report of their expert was insufficient to raise a triable issue of fact, as it was speculative, lacking in foundation, and beyond the expert's area of expertise (see Lebron v City of New York, 208 AD3d 656, 657; Bartholomew v Sears Roebuck & Co., 159 AD3d [*2]786, 787; Mathis v D.D. Dylan LLC, 119 AD3d 908, 909).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court