Shaw v Town of Brookhaven (2026 NY Slip Op 00932)

Shaw v Town of Brookhaven

2026 NY Slip Op 00932

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-10820
 (Index No. 614998/21)

[*1]Richard Shaw, et al., appellants, 
vTown of Brookhaven, respondent.

Jacoby & Meyers, LLP (Finkelstein & Partners, Newburgh, NY [Lisa Solomon], of counsel), for appellants.
Quatela Chimeri, PLLC, Hauppauge, NY (Alexander E. Sendrowitz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated August 6, 2024. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
In November 2020, the plaintiff Richard Shaw (hereinafter the injured plaintiff) allegedly was injured at a park owned by the defendant,Town of Brookhaven. The injured plaintiff was riding a "Onewheel," a motorized skateboard with a single wheel, when he struck a metal chain suspended between two wooden poles, which blocked vehicular access from a parking lot to a concrete walkway.
The injured plaintiff and his spouse, suing derivatively, commenced this action against the Town to recover damages for personal injuries. The Town moved for summary judgment dismissing the complaint on the ground, inter alia, that the chain's presence was open and obvious and not inherently dangerous. In an order dated August 6, 2024, the Supreme Court granted the Town's motion. The plaintiffs appeal.
"'A landowner has a duty to maintain its premises in a reasonably safe condition'" (Marino v Shop-Rite Supermarkets, Inc., 230 AD3d 668, 668, quoting Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154; see Torres v La Borinquena HDFC, Inc., 229 AD3d 830, 831). "However, [a] property owner has no duty to protect or warn against conditions that are open and obvious and not inherently dangerous" (Marino v Shop-Rite Supermarkets, Inc., 230 AD3d at 668 [internal quotation marks omitted]; see Torres v La Borinquena HDFC, Inc., 229 AD3d at 831). "A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (Butler v NYU Winthrop Hosp., 225 AD3d 658, 659 [internal quotation marks omitted]; see Torres v La Borinquena HDFC, Inc., 229 AD3d at 831). "The determination of [w]hether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes [*2]a reasonably safe environment, depends on the totality of the specific facts of each case" (Brett v AJ 1086 Assoc., LLC, 189 AD3d at 1154 [internal quotation marks omitted]; see Marino v Shop-Rite Supermarkets, Inc., 230 AD3d at 668; Torres v La Borinquena HDFC, Inc., 229 AD3d at 831).
Here, the Town submitted sufficient evidence to establish, prima facie, that the placement of the chain across the entrance to the concrete walkway was open and obvious and not inherently dangerous (see Hallahan v City of New York, 208 AD3d 459, 460; Morrissette v Kismat Indian Rest., Inc., 196 AD3d 476, 476; Sneed v Fulton Park Four Assoc., L.P., 192 AD3d 1058, 1059). However, in opposition, the plaintiffs raised a triable issue of fact by proffering a report from an expert demonstrating that the chain was "visually inconspicuous" because it blended with the visual background and was obscured by "a prominent shadow pattern" (see Cardillo v 3707, LLC, 236 AD3d 730, 732; Masker v Smith, 188 AD3d 867, 869; Roros v Oliva, 54 AD3d 398). The plaintiffs' expert also cited the deposition testimony of the Town's employees who conceded that although park employees had placed yellow caution tabs on the chain to make it more visible, they had to be replaced frequently because "kids pull[ed] them off." Accordingly, the Supreme Court should have denied the Town's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court